CORNELIUS J. VOORHIS, Respondent, *v.* JOHN BUSBY,
Appellant.

March 21, 1876.

To an action by the payee against the maker of a promissory note, the defendant pleaded that the plaintiff had made to him a note for the same amount, conditioned for the conveyance of a particular tract of land, which conveyance had never been made. Plaintiff replied that a misdescription existed as to this tract of land; that the tract of land intended was another, for which he had made and tendered a deed which defendant refused to receive. The cause was tried by the court sitting as a jury which found for the plaintiff. No instructions were asked on either side. No error appears, and the judgment is affirmed.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*M. O'Reilly*, for appellant.

*Davis & Smith*, for respondent, cited : Ivory *v.* Murphy, 36 Mo. 534.

GANTT, P. J., delivered the opinion of the court.

Voorhis sued Busby to the December term, 1872, of the St. Louis Circuit Court, on a promissory note for $2,000, dated July 6, 1872, payable three months after date. Busby answered that, on August 1, 1871, Voorhis made and delivered to Busby a promissory note for $2,000, due January 1, 1872, with a memorandum appended that, if he did not, before the maturity of the note, sell southeast quarter of section 36, township 52, range 7 west, and northwest of northwest section 17, township 51, range 7, then he would convey the land to Busby in fee simple ; that the note is due, and that Voorhis has never conveyed the land.

The reply set up that, when the note was executed, there was a misdescription of the land intended ; that the second piece was intended to be, and should have been, described as southeast of northwest 17, township 51, range 7 west ; that, when the note fell due, he prepared and tendered a deed for the land intended, and defendant refused to receive it and deliver the note.

The cause was tried by the court sitting as a jury. Defendant objected to the testimony of plaintiff to establish the mistaken description of the land; and then himself testified. It appeared that plaintiff and defendant had been partners; that Busby sold an interest in the business to plaintiff, and took the note mentioned in the answer, agreeing, as set forth in the appendix, to receive in payment 200 acres of land in Audrain county; that Busby did not examine the land, or have any information respecting it, except that it was 200 acres in Audrain county, about ten miles from Mexico. Voorhis had, at one time, 280 acres, but had sold to Quesenbury & Walker eighty acres, which they had the liberty to locate; and Voorhis made the wrong guess as to the piece they had selected. This was the cause of the misdescription. The making and tender of the deed were proved. They seem to have been given in evidence in the court below, but are not shown by the record. No instructions were asked. The Circuit Court gave judgment for Voorhis for the amount of the note described in his petition, and decreed in favor of Voorhis in respect of the matter set up in the answer. Busby moved for a new trial, appealed to the general term, and thence to the Supreme Court, whence the cause was transferred to this court. At the February term, the death of Busby was suggested, and M. D. Lewis, his administrator, appeared for him, and the cause was continued. At this term, it was argued by the respondent, but no argument was offered by the appellant.

We find no error in the record, and affirm the judgment of the Circuit Court. All the judges concur.